DEFENDANT: BENJAMIN DAVID HARBIN

YOB: 1990

OFFENSE(S): **Count 1:** Production of Child Pornography, Title 18, United States Code, Section 2251(a) and (e).

**Count 2:** Coercion and Enticement, Title 18, United States Code, Section 2422(b).

LOCATION OF OFFENSE: Mesa County, Colorado

PENALTY: **Count 1:** If it is determined that the defendant has no prior sex-related convictions, the penalty is NLT 15 years, NMT 30 years; NMT $250,000 fine, or both; supervised release of NLT 5 years, NMT life; $100 Special Assessment. However, pursuant to 18 U.S.C. § 3559(e), if the defendant has a prior sex conviction in which a minor was the victim, and because this offense constitutes a Federal sex offense in which a minor is the victim, the mandatory sentence is NLT Life, NMT $250,000 fine, or both; $100 Special Assessment. If that provision does not apply, and if the defendant has a prior conviction under Chapters 110, 71, 109A, 117, Title 18 section 1591, or under section 920 of title 10 of the United States Code (article 120 of the Uniform Code of Military Justice), or under the law of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography, or sex trafficking of children, the penalty is NLT 25 years, NMT 50 years; NMT $250,000 fine, or both; supervised release of NLT 5 years, NMT life; $100 Special Assessment; with two such convictions, the penalty is NLT 35 years, NMT life; NMT $250,000 fine, or both; supervised release of NLT 5 years, NMT life; $100 Special Assessment. For offenses under Chapters 77, 109A, 110, 117 committed on or after May 29, 2015, $5,000 Special Assessment if the defendant is a non-indigent person. For offenses committed on or after December 7, 2018, a Special Assessment of no more than $50,000 if convicted of child pornography production as defined by 18 U.S.C. Section 2259(c)(1), which includes offenses under 18 U.S.C. Section 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in 18 U.S.C. Section 2256).

**Count 2:** NLT 10 years, NMT life; NMT $250,000 fine, or both; supervised release of NLT 5 years, NMT life; $100 Special Assessment. For offenses under Chapters 77, 109A, 110, 117 committed on or after May 29, 2015, $5,000 Special Assessment if the defendant is a non-indigent person. For

       offenses committed on or after December 7, 2018, a Special Assessment of no more than $50,000 if convicted of child pornography production as defined by 18 U.S.C. Section 2259(c)(1), which includes offenses under 18 U.S.C. Section 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in 18 U.S.C. Section 2256).

AGENT:   Alex J. Zappe
       Special Agent, Federal Bureau of Investigation (FBI)

AUTHORIZED Alecia L. Riewerts
BY:     Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

 X   five days

THE GOVERNMENT

X    will seek detention in this case

The statutory presumption of detention is applicable to this defendant.

OCDETF CASE:  _ Yes  X  No