IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLODRADO

Criminal Action No. 1:20-cr-00164-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENJAMIN DAVID HARBIN,

    Defendant.

---

**OBJECTION TO PRESENTENCE INVESTIGATION REPORT**

---

COMES NOW, the Defendant, Benjamin Harbin, and submits his objection to the Presentence Investigation Report (Doc. #74, the "PSIR") filed by the United States Probation Department ("Probation").

1. Defendant has reviewed the PSIR and does not object to most of the facts contained therein. Defendant has two factual corrections:

    a. Defendant's sister Molly works as a corrections officer at the Delta Correctional Facility, not a "youth detention center." (Doc #74 at ¶ 96).

    b. Defendant worked with his father as an apprentice carpet installer, not as a "carpet salesperson." (Doc. #74 at ¶ 111).

2. Defendant does not agree with Probation's ultimate recommendation of a 360-month sentence and will advocate for a lesser sentence in a later filed motion for

1

variant sentence. For the purpose of the Court's analysis of a proper sentence, Defendant contests one aspect of Probation's calculation of Defendant's Offense Level for purposes of the Sentencing Guidelines. Specifically, Defendant objects to Probation's two-point upward adjustment to the offense level under USSG § 3B1.4.

3. USSG § 3B1.4 authorizes the Court to increase a defendant's offense level by 2 levels "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense . . . ." USSG § 3B1.4.

4. The "use of a minor" enhancement is commonly employed in narcotics cases in which defendants employ minors "to deliver money or obtain drugs." *United States v. Pena-Hermosillo*, 522 F.3d 1108, 1114 (10th Cir. 2008); *see also United States v. Seanez*, 221 F. App'x 773, 778 (10th Cir. 2007) (enhancement applied where minor "assisted her father in loading marijuana onto the boat"). It is also applied in cases involving financial crimes and similar facts. *See United States v. Tran*, 285 F.3d 934, 937 (10th Cir. 2002) (enhancement applied in bank fraud case in which defendant employed 16-year-old as a driver to and from banks).

5. Relying on a Second Circuit case, *United States v. Broxmeyer*, 699 F.3d 265 (2nd Cir. 2012), Probation asserts that a defendant "used" a minor to engage in the production of child pornography where "the minor was *both* the photographer and the model." (Doc. #74 at ¶¶ 54-56).

6. The Tenth Circuit has not adopted the *Broxmeyer* court's rationale. Indeed, though it has been more than ten years since *Broxmeyer* was decided, it does

not appear that any reported federal decision employs its reasoning or relies on *Broxmeyer* to apply USSG § 3B1.4 in similar circumstances.  *See United States v. Hall*, 733 F. App'x 808, 810–11 (6th Cir. 2018) (declining to address *Broxmeyer* rationale because other bases for enhancement were present).  Despite the relatively common factual pattern of defendants committing child pornography offenses by convincing minors to take and provide picture of themselves, sentencing courts do not apply USSG § 3B1.4 in such cases.  *See e.g., United States v. Streett*, 2021WL5216735, *5 (D.N.M. 2021) (sentencing defendant who persuaded minor victim to send photographs "depicting a close-up view of her genitals.").

   7. And to the extent *Broxmeyer* provides reasoning for its application of the "use of a minor" enhancement in child pornography cases, it is flawed.  The commentary to USSG § 3B1.4 states that the enhancement does not apply where the base offense guideline incorporates the use of a minor in the offense.  USSG § 3B1.4. cmt. 2.  The production of child pornography obviously already "uses" the minor in the offense; indeed, the victim's status as a minor <u>is</u> the offense.  The *Broxmeyer* court brushed this fact aside by noting that USSG § 3B1.4 would apply where "another child" acted as the photographer, and concluding that the enhancement therefore also could apply "where a defendant visits these distinct harms on the same minor."  733 Fed. App'x at 810.  But the "distinct harm" of having another child take the photographs would flow from the creation of a second victimized child.  There is little reason to assume that having a child pornography victim take the offending pictures herself would result in a harm "distinct" from the basic crime of using the child as the subject of child

pornography.  To the contrary, in most cases it would presumably be more traumatic for the child victim if the defendant or some other third-party was present and acting as the photographer.

8.	In any event, the crime of coercion and enticement under 18 U.S.C. § 2422, and child pornography offenses generally, already contemplate the "use" of a child to commit the offense.  For that reason, no courts in this circuit, and virtually no courts at all, have adopted *Boxmeyer's* rationale to apply USSG § 3B1.4 in such cases.  No reason exists to adopt the novel theory in this case, so Probation's argument for a two-level enhancement under USSG § 3B1.4 should be rejected.

Based on the foregoing, Defendant Benjamin Harbin respectfully requests the Court to order the Presentence Investigation Report corrected as noted in paragraph 1 above, and to reject Probation's enhancement of Defendant's offense level under USSG § 3B1.4.

Dated this 16th day of February, 2023.

*/s/ Douglas I. Richards*_____
Douglas I. Richards, Reg. #42148
Richards Carrington, LLC
1444 Blake Street
Denver, CO 80202
Telephone:  (303) 962-2690
Facsimile:  (303) 962-2691
E-mail:  doug@richardscarrington.com

## CERTIFICATE OF SERVICE

  I hereby certify that on February 16, 2023, I electronically filed the foregoing **OBJECTION TO PRESENTENCE INVESTIGATION REPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

 Alecia L. Riewerts
 alecia.riewerts@usdoj.gov
 *Attorney for Government*

             *s/ Dyanna Spicher*
             Dyanna Spicher, Paralegal